# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| DALE DANIELSON, a Washington State employee; BENJAMIN RAST, a Washington State employee; TAMARA ROBERSON, a Washington State employee; as individuals, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOVERNOR JAY INSLEE, in his official capacity as Governor of the State of Washington; DAVID SCHUMACHER, in his official capacity as Director of Washington State Office of Financial Management; and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES COUNCIL 28, AFL-CIO, a labor organization,<br><br>*Defendants*. | No. 3:18-cv-5206<br><br>**COMPLAINT – CLASS ACTION** |

## I. INTRODUCTION

1. Plaintiffs DALE DANIELSON, BENJAMIN RAST, and TAMARA ROBERSON are state employees and bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The plaintiffs allege as follows:

2. The imposition of compulsory agency fees violates Plaintiffs' rights under the First and

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206                                    1

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

Fourteenth Amendments to the U.S. Constitution. The representative plaintiffs seek for themselves and the proposed class: (a) a declaratory judgment against the State and the Union (collectively, "Defendants") that the imposition of compulsory agency fees violates Plaintiffs' rights under the First Amendment to the U.S. Constitution; (b) injunctive relief that prohibits Defendants from seizing agency fees from the representative plaintiffs and the class; (c) an award of damages for agency fees wrongfully seized from the representative plaintiffs and the class; and (d) an award of reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

## II. JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the representative plaintiffs and the class ("Plaintiffs") by the First and Fourteenth Amendments to the U.S. Constitution.

4. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because they arise under the U.S. Constitution and 28 U.S.C. § 1343 because the Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

5. Venue is proper in this Court because the Defendants do business and operate in this district. 28 U.S.C. § 1391(b). Assignment to the Tacoma Division is proper because the claims arose in Thurston County and because all Defendants' principal places of business are in Thurston County. *See* Local Civil Rule 3(e)(1).

## III. PARTIES

6. Plaintiff Dale Danielson resides in Yakima County, Washington. He is employed by Washington's Department of Social and Health Services in a bargaining unit exclusively represented by Defendant American Federation of State, County, and Municipal Employees

1  Council 28, AFL-CIO, doing business as the Washington Federation of State Employees
2  ("WFSE"). Mr. Danielson is not a member of the Union but is compelled to pay an agency fee to
3  the union as a condition of employment.

4      7. Plaintiff Benjamin Rast resides in Pierce County, Washington. He is employed by
5  Washington's Department of Labor and Industry in a bargaining unit exclusively represented by
6  WFSE. Mr. Rast is not a member of the Union but is compelled to pay an agency fee to the union
7  as a condition of employment.

8      8. Plaintiff Tamara Roberson resides in Pierce County, Washington. She is employed by
9  Tacoma Community College and in a bargaining unit exclusively represented by WFSE. Ms.
10 Roberson is not a member of the Union but is compelled to pay an agency fee to the union as a
11 condition of employment.

12     9. Defendant WFSE is a labor union that represents over 35,000 public employees in
13 Washington, and is headquartered at 1212 Jefferson St., Suite 300, Olympia, Washington 98501.

14     10. Defendant David Schumacher is the Director of the Washington State Office of Financial
15 Management with an office in Olympia. As such, and on information and belief, he is charged with
16 the responsibility of negotiating and enforcing the collective-bargaining agreement on behalf of
17 the governor with WFSE pursuant to RCW 41.80.010. These responsibilities are handled by the
18 Labor Relations Division of the Office of Financial Management, over which Schumacher exerts
19 direct authority. He is sued only in his official capacity.

20     11. Defendant Jay Inslee is the Governor of the State of Washington with an office in Olympia,
21 Washington. Governor Inslee is the bargaining representative of the state and is sued only in his
22 official capacity.

23
24

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206

3

FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

## IV. FACTUAL ALLEGATIONS

12. State employee collective bargaining is governed by RCW 41.80. The State of Washington is the employer of State employees, including Plaintiffs and the class. RCW 41.80.005(8).

13. The State's bargaining representative is the governor or the governor's designee. RCW 41.80.010.

14. By contract with the state, WFSE has been designated as the exclusive bargaining representative of many Washington public employees, as described in the Collective Bargaining Agreement ("CBA") between WFSE and the state.[1]

15. RCW 41.80.050 states that employees have the right to refrain from union activities, "except to the extent that they may be required to pay a fee to an exclusive bargaining representative under a union security provision authorized by this chapter."

16. RCW 41.80.100(1) outlines union security provisions and authorizes the state employer to withhold an agency fee "that represents a pro rata share of expenditures for purposes germane to the collective bargaining process[.]"

17. In accordance with these statutes, the state and WFSE created Article 40.3 of the current Collective Bargaining Agreement ("CBA 40.3"), describing "Union Security" and union nonmembers' payment obligations. In relevant part, it reads:

> All employees covered by this Agreement will, *as a condition of employment*, either become members of the Union and pay membership dues or, as nonmembers, pay a fee as described in Subsections 40.3 A, B, and C below, no later than the 30th day following the effective date of this Agreement or the beginning of their employment.
>   A. Employees who choose not to become union members must pay to the Union, no later than the 30th day following the beginning of employment, an agency shop fee equal to the amount required to be a member in good standing of the Union…
>   C. The Union will establish a procedure that any employee who makes a request may pay a representation fee equal to a pro rata share of the full membership fee that is related

---

[1] Collective Bargaining Agreement for the State of Washington and the Washington Federation of State Employees, July 1, 2017 thru June 30, 2019, at Appendix A *available at* https://www.ofm.wa.gov/sites/default/files/public/legacy/labor/agreements/17-19/wfse_gg.pdf.

to collective bargaining, contract administration and the pursuit of matters affecting wages, hours and other terms and conditions of employment rather than the full membership fee.

18. The State deducts agency fees, in an amount determined by WFSE, from the wages of Plaintiffs and remits those monies to WFSE. The Union acts under color of state law by contracting for and participating in the administration of agency fee deductions from Plaintiffs' wages.

19. All of WFSE's activities that state law and CBA 40.3 compel Plaintiffs to support by way of agency fees, including actions taken as an exclusive bargaining representative in the public sector, are inherently political activities by the union.

20. Compulsory agency fees fund, inter alia, WFSE's efforts to maintain its exclusive bargaining representative status against competing unions or employee de-unionization efforts. Plaintiffs are thus compelled to fund through agency fees activities directly contrary to their associational interests.

21. Plaintiffs are compelled to pay agency fees to WFSE, which frees up resources for WFSE to spend on political and ideological activities, which Plaintiffs oppose.

22. Plaintiffs object to paying agency fees to WFSE, and believe this compulsory obligation violates their constitutional rights. Absent statutory and contractual requirements compelling them to do so, they would pay no fees to the Union.

23. The Supreme Court's ruling in *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), which upheld the constitutionality of public-employee union shops and the forced imposition of "agency fees" on non-union members, has been so undermined by subsequent Supreme Court rulings and doctrinal developments that it need not be regarded as binding precedent, even though the Supreme Court has yet to explicitly overrule that decision. *Harris v. Quinn*, 134 S. Ct. 2618, 2632-34 (2014) (criticizing *Abood*'s analysis as "questionable on several grounds" and claiming that *Abood* "seriously erred" and "fundamentally misunderstood" the earlier decisions of the Court); *Knox v.*

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206

5

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1  *Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 314 (2012) ("By authorizing a union to
2  collect fees from nonmembers… our prior decisions approach, *if they do not cross*, the limit of
3  what the First Amendment can tolerate.") (emphasis added).

4  24. Lower courts frequently treat a doctrinally antiquated precedent as non-binding when
5  supported by more recent cases challenging the precedent's authoritative value. In cases preceding
6  the Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584, 2605 (2015), the vast
7  majority of federal district courts and federal appellate courts disregarded the holding of *Baker v.
8  Nelson*, 409 U.S. 810 (1972), and recognized a constitutional right to same-sex marriage—even
9  though the Supreme Court did not overrule *Baker* until its pronouncement in *Obergefell*. *See, e.g.,
10 Bostic v. Schaefer*, 760 F.3d 352, 375 (4th Cir. 2014) ("[W]e decline to view Baker as binding
11 precedent); *Waters v. Ricketts*, 48 F. Supp. 3d 1271, 1284 (D. Neb. 2015) ("Doctrinal
12 developments since the *Baker* case indicate the Supreme Court's summary ruling in Baker is no
13 longer reliable or binding."); *Searcy v. Strange*, 81 F. Supp. 3d 1285, 1287 (S.D. Ala. 2015)
14 (refusing to follow *Baker* because "Supreme Court decisions since Baker reflect significant
15 'doctrinal developments' concerning the constitutionality of prohibiting same-sex relationships"
16 (citation omitted)).

17 25. There are other examples of lower courts that disregard Supreme Court precedent after
18 concluding that a previous ruling no longer enjoys the support of five justices—and the Supreme
19 Court has affirmed those rulings without criticizing the lower court for anticipating the Supreme
20 Court's repudiation of its earlier ruling. *See Simmons v. Roper*, 112 S.W.3d 397 (Mo. 2003)
21 (declaring the juvenile death penalty unconstitutional and refusing to follow *Stanford v. Kentucky*,
22 492 U.S. 361 (1989)), aff'd by *Roper v. Simmons*, 543 U.S. 551 (2005); *United States v.* Booker,
23 375 F.3d 508, 513 (7th Cir. 2004) (Posner, J.) (declaring the federal sentencing guidelines

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206                6

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1  unconstitutional even though this contradicted the Supreme Court's holding in *Edwards v. United States,* 523 U.S. 511 (1998)), aff'd and remanded by *United States v. Booker*, 543 U.S. 220 (2005).

26. Plaintiffs bring suit at this time to preserve the class members' ability to seek retrospective relief against the defendants for as far back as the statute of limitations will allow.

## V. CLASS ALLEGATIONS

27. This is a class action brought by named Plaintiffs Dale Danielson, Benjamin Rast, and Tamara Roberson for themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(1)(A), (b)(2), and/or 23(b)(3). The class consists of all individuals who: (1) are employees of the State of Washington; and, (2) have had any union agency fees deducted from the monies paid to them by the state and remitted to WFSE or its affiliates; and (3) have chosen not to become members of WFSE by not signing membership cards or by choosing to become agency fee payers.

28. The number of persons in the class makes joinder of individual class members impractical.

29. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers compelled to pay agency fees to WFSE as a condition of employment. Legally, the U.S. Constitution affords the same rights under the First Amendment to each and every member of the class.

30. The named Plaintiffs' claims are typical of other members of the class, because each and every member of the class has objected to WFSE membership yet is forced by state law and contract provisions to financially support WFSE and its inherently political activities.

31. The named Plaintiffs adequately represent the interests of the class, and have no interests antagonistic to the class. Moreover, the undersigned counsel represent Plaintiffs and the class pro bono and are employed by a long-established charitable organization experienced in furnishing

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206

7

FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

representation to unionized public and partial-public employees whose constitutional rights have been violated.

32. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

33. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory agency fees will, as a practical matter, be dispositive of the interests of all class members.

34. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the Complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## VI. CLAIMS FOR RELIEF

### CLAIM 1
### First Amendment, through 42 U.S.C. §1983
*Compelling Plaintiffs to pay agency fees violates their First Amendment rights*

35. The Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

36. RCW 41.80.100 and CBA 40.3 compel Plaintiffs to pay agency fees to WFSE as a condition of employment. Defendants, acting under state law and color of state law have created, administered, and enforced these obligations. In so doing, Defendants have violated and continue to violate Plaintiffs' First Amendment rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

37. State law and collective-bargaining agreements permitting and imposing compulsory

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206                                    8

FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

agency fee obligations upon public employees who do not wish to associate with or support WFSE are not narrowly tailored to serve a compelling government interest.

38. Thus, RCW 41.80.100 and CBA 40.3 violate Plaintiffs' freedom of speech and association, in violation of the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

## VII. DEMAND FOR RELIEF

The Plaintiffs respectfully request that this Court:

A. Certify a class consisting of all individuals who: (1) are employees of the State of Washington; and, (2) have had any union agency fees deducted from the monies paid to them by the state and remitted to WFSE or its affiliates; and (3) have chosen not to become members of WFSE by not signing membership cards or by choosing to become agency fee payers.

B. Issue a declaratory judgment against Governor Inslee, in his official capacity, Director Schumacher, in his official capacity, and WFSE that:

1. It is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to seize or require payment of agency fees from the Plaintiffs and other public employees;

2. RCW 41.80.100(1) is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

3. Article 40.3 of the CBA is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C. Permanently enjoin WFSE, along with its officers, agents, servants, employees, attorneys,

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206

9

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1  and any other person or entity in active concert or participation with it, from collecting "agency

2  fees" or any other type of money from public employees.

3      D. Permanently enjoin Defendants Inslee and Schumacher, along with their officers, agents,

4  servants, employees, attorneys, and any other person or entity in active concert or participation

5  with them, from enforcing RCW 41.80.100(1) and collecting "agency fees" from public

6  employees.

7      E. Permanently enjoin the defendants, along with their officers, agents, servants, employees,

8  attorneys, and any other person or entity in active concert or participation with them, from

9  enforcing any law or policy that prevents or deters employees from canceling or revoking their

10 membership in the Washington Education Association or their future provision of "agency fees"

11 or any other type of money to the Washington Education Association.

12     F. Order WFSE to disgorge and refund all agency fees that were unlawfully collected from

13 Plaintiffs and their fellow class members, along with pre-judgment and post-judgment interest.

14     G. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses pursuant to 42.

15 U.S.C. § 1988.

16     H. Award any other relief this Court deems just and proper.

17 RESPECTFULLY SUBMITTED on March 15, 2018.

18 By: s/ Jonathan F. Mitchell           s/ David M.S. Dewhirst
   JONATHAN F. MITCHELL, WSBA #52483   DAVID M.S. DEWHIRST, WSBA # 48229
19 559 Nathan Abbott Way                s/ Hannah S. Sells
   Stanford, California 94305           HANNAH S. SELLS, WSBA #52692
20 (650) 723-1397                       c/o Freedom Foundation
   jfmitche@stanford.edu                P.O. Box 552, Olympia, WA 98507
21                                      p. 360.956.3482 | f. 360.352.1874
                                        DDewhirst@freedomfoundation.com
22                                      HSells@freedomfoundation.com

23

24 *Attorneys for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT
NO. 3:18-cv-5206                         10