UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE DANIELSON, BENJAMIN RAST, and TAMARA ROBERSON,<br><br>    Plaintiffs,<br>    v.<br>GOVERNOR JAY INSLEE, et al.,<br><br>    Defendants. | CASE NO. 3:18-cv-05206-RJB<br><br>ORDER GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on the Motion to Dismiss or for Summary Judgment filed by Jay Inslee, State of Washington Governor, and David Schumacher, Director of the Office of Financial Management (collectively, "the State Defendants"). Dkt. 26. Defendants American Federation of State County and Municipal Employees Council 28, AFL-CIO, have not joined the State Defendants' motion. Having considered the motion and the remainder of the file herein, the Court is fully apprised.

ORDER GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT - 1

This case centers on Plaintiffs' allegation that Plaintiffs, State of Washington employees who object to "forced" union membership, should not be required to pay compulsory agency[1] fees. *See generally*, Dkt. 1. The case was filed on March 15, 2018. Dkt. 1. The narrow question presented by this motion is whether there is any case or controversy following the June 27, 2018 decision in *Janus v. Am. Fed'n of State, Cty. & Mun. Employees, Council 31*, 138 S. Ct. 2448, 2459 (2018), or whether *Janus* renders this case moot. In *Janus*, the Supreme Court overruled fifty-year precedent of *Abood v. Detroit Bd. Of Ed.*, 431 U.S. 209 (1977) and its progeny. Under *Janus*, and in the context of public sector employment, no form of payment to a union, including agency fees, can be deducted or attempted to be collected from an employee without the employee's affirmative consent. *Id*. at 2486. *See also, id*. at 2459 (Syllabus).

Plaintiffs and State Defendants agree on one essential fact: prior to *Janus*, the State Defendants collected agency fees, but since *Janus* was issued on June 27, 2018, the State has refrained from the same. Dkt. 26 at 1; Dkt. 36 at 1. The parties disagree about whether the State's "voluntary cessation" renders Plaintiffs' claims for declaratory and injunctive relief moot.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014) (internal quotations and citation omitted). "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Id*., quoting *Knox v. Serv. Emps. Int'l Union, Local 1000,* 567 U.S. 298, 307 (2012). A case may become moot if the moving party

---

[1] The State Defendants refer to the fees as "representation fees," but the facts and inferences should be made in favor of the nonmoving party, Plaintiffs, so the Court will refer to them as "agency fees."

ORDER GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT - 2

asserting mootness can show it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*, citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The moving party's burden is a "stringent" one. *Id.*

Courts presume that government entities act in good faith when making changes to policies, but "when the Government asserts mootness based on such a [policy] change, it must bear the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Rosebrock*, 745 F.3d at 971, citing *White v. Lee*, 227 F.3d 1214, 1243-44 (9th Cir. 2000). Although the Ninth Circuit has not set out a definitive test, mootness is "more likely" where:

> (1) the policy change is evidenced by language that is broad in scope and unequivocal in tone; (2) the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case; (3) the case in question was the catalyst for the agency's adoption of the new policy; (4) the policy has been in place for a long time . . .; and (5) since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff[.]

*Id.* (internal citations and quotations omitted). Conversely, mootness is unlikely where a new policy "could be easily abandoned or altered in the future." *Id.*, citing *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013). When weighing mootness, which is a challenge to subject matter jurisdiction, courts may consider evidence beyond the Complaint without converting the motion into one for summary judgment. *White*, 227 F.3d at 1242.

As a threshold matter, the Court notes that its findings rely on two declarations outside of the Complaint: the declaration of Diane Lutz, Section Chief of the Labor Relations Section of the State Human Resources Division of the Washington State Office of Financial Management, who manages the collective bargaining process on behalf of the Governor with certain bargaining units of state employees, and the declaration of Franklin Plaistowe, Assistant Direct of Human Resources for the State Human Resources Division of the Washington State Office of Financial

Management, who is responsible for "the oversight and direction related to statewide human resources policy." Dkt. 27 at 1, 2; Dkt. 28 at 1, 2. Plaintiffs have not challenged the veracity of either declaration, nor have Plaintiffs requested additional discovery, e.g., to depose the declarants.

On the day *Janus* issued, June 27, 2018, Ms. Lutz emailed union leaders on behalf of the Labor Relations Section, informing them that "in order to comply with the *Janus* decision, we intend to stop fee deductions from nonmembers from nonmembers by the July 10th pay day." Dkt 27 at 3. Thereafter, to the best of Ms. Lutz' knowledge, the State has ceased or is in the process of ceasing agency fees to "fully comply[] with *Janus*." *Id*. at ¶5. *See also*, Dkt. 28-2 at 2 ("We have arranged to have the deductions . . . to be discontinued centrally prior to the July 10, 2018 payroll"). A similar communication from Mr. Plaistowe "requested that existing [union] membership paperwork be reviewed and any documentation that references payment of dues or fees as a condition of employment be discontinued." Dkt. 28 at ¶4. Both Ms. Lutz and Mr. Plaistowe state that the steps taken by the State of Washington "were in response to the *Janus* decision, and would have been taken whether or not this lawsuit existed." *Id*. at ¶5; *id*. at ¶6.

Weighing the relevant *Rosebrock* factors here, the Court finds that there is no evidence that the State has equivocated in its policy change to discontinue collecting agency fees. Correspondences of Ms. Lutz and Mr. Plaistowe refer to urgent, immediate action, e.g., where Ms. Lutz refers to payroll changes to be made "by" a date certain and to a policy change "effective today," and nothing in their declarations is tentative. Dkt. 27-1 at 2; Dkt. 27-2 at 2. Further, there can be no serious doubt that the policy change was made because of *Janus*, not because of this lawsuit, given the timing of the policy change and direct reliance on *Janus* as the stated basis for the change. Next, no evidence suggests the State has attempted to collect agency

fees in violation of *Janus*. Finally, given the complexity of union bargaining negotiations between the State and unions, and because the State has justified its new policy by the shift in jurisprudence, not prevailing political winds, there is marginal likelihood that the policy will be abandoned in contravention of *Janus*. It appears improbable that the State will renege on a policy it has justified by legal precedent, which explains Mr. Plaistowe's comment that the State intends to renegotiate terms to bargaining agreements in light of the case. *See* Dkt. 28-2.

According to Plaintiffs, the State Defendants' decision to stop collecting agency fees was completely voluntary, because although the State Defendants changed their conduct after *Janus*, ostensibly to avoid the costs of litigation, they did so when under no legal compulsion to do so; there have been no legislative changes to Washington law. Dkt. 36 at 1, 2. Although *Janus* changes how courts should interpret the law, Plaintiffs' claims are not moot because the statutes applicable to Plaintiffs have not changed, Plaintiffs contend. *Id*. at 4, 5. This argument relies on an erroneous view of voluntary cessation. Although policy changes are unlike statutory changes, because "a statutory change . . . is usually enough to render a case moot[,]" *Rosebrock*, 745 F.3d at 971 (internal citation omitted), policy changes may—or may not—render a case moot, depending on whether the challenged can be reasonably expected to recur. *Id*. *Compare Bell*, 709 F.3d at 899-901; *White*, 227 F.3d at 1242-44.

Plaintiffs also argue that although *Janus* creates legal obligations for the defendants in that case, the defendants in this case were not parties to *Janus*, and *Janus* does not create self-executing legal obligations unless and until a court enters a judgment enforcing the opinion. Dkt. 36 at 2, 3. In support of this argument, Plaintiffs analogize this case to several Eighth Circuit cases that considered whether the decision in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), should be construed to moot marriage exclusion laws in states not party to *Obergefell*. However,

as developed by the State Defendants, Dkt. 38 at 5-7, these cases can be distinguished in at least two important ways. First, in the aftermath of *Obergefell*, there was reason to believe that some states would ignore the Supreme Court's binding precedent, unlike in this case, where the State Defendants readily admit *Janus'* applicability. Second, *Janus* utilizes broad language in a lengthy discussion overturning precedent, unlike *Obergefell*, which at most summarily addresses conflicting precedent.

In conclusion, because the State Defendants have met their burden to show that the challenged agency fees cannot reasonably be expected to recur, Plaintiffs' claims are moot. The State Defendants' motion should be granted. Because the Court has not reached the merits, and in acknowledgment that, although unlikely, the State could theoretically reverse course on its agency policy, the defendants should be dismissed without prejudice.

THEREFORE, it is HEREBY ORDERED:

The State Defendants' Motion to Dismiss or For Summary Judgment (Dkt. 26) is GRANTED. The State Defendants, Governor Jay Inslee and David Schumacher, are DISMISSED WITHOUT PREJUDICE from this action.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of August, 2018.

ROBERT J. BRYAN
United States District Judge