Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE DANIELSON, et al., | ) |
| Plaintiffs, | ) No.   3:18-cv-05206-RJB |
| vs. | ) **DEFENDANT AFSCME COUNCIL 28'S MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT** |
| GOVERNOR JAY INSLEE, et al., | ) |
| Defendants. | ) **NOTED ON CALENDAR: October 12, 2018** |

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206)

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION AND RELIEF REQUESTED ............................................................. 1

BACKGROUND ........................................................................................................ 2

LEGAL STANDARD .................................................................................................. 3

ARGUMENT ............................................................................................................. 4

    I.    Plaintiffs' Claims for Declaratory and Injunctive Relief Are Moot Because Agency Fee Collections Ended After Janus and There Is No Likelihood They Will Recommence ............................................................. 4

    II.    Plaintiffs' Claims for Monetary Relief Must Be Dismissed Because Pre-*Janus* Agency Fees Were Collected in Good Faith Reliance on State Law and Controlling Supreme Court Precedent ....................................... 6

        A.    Private Parties that Rely in Good Faith Upon Presumptively Constitutional State Laws Are Not Liable for Monetary Relief under §1983 ......................................................................................... 6

        B.    Plaintiffs' Claim for Monetary Relief Must Be Dismissed Because WFSE Acted in Reliance on a Presumptively Valid State Law and Then-Binding Supreme Court Precedent ...................................................... 8

CONCLUSION ........................................................................................................ 12

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - i

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

# TABLE OF AUTHORITIES

**Cases**

*Abood v. Detroit Board of Education*,
    431 U.S. 209 (1977) .................................................................................................. *passim*

*Agostini v. Felton*,
    521 U.S. 203 (1997) ............................................................................................................ 10

*Allen v. Seattle Police Officers' Guild*,
    100 Wash.2d 361, 670 P.2d 246 (1983) .............................................................................. 2

*Augustine v. United States*,
    704 F.2d 1074 (9th Cir. 1983) ............................................................................................. 4

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
    954 F.2d 874 (3d Cir. 1992) ................................................................................................ 4

*Chicago Teachers Union v. Hudson*,
    475 U.S. 292 (1986) ............................................................................................................. 9

*Clement v. City of Glendale*,
    518 F.3d 1090 (9th Cir. 2008) ............................................................................................. 7

*Davis v. FEC*,
    554 U.S. 724 (2008) ............................................................................................................. 4

*Davis v. United States*,
    564 U.S. 229 (2011) ........................................................................................................... 10

*Dunlap v. Credit Protection Ass'n L.P.*,
    419 F.3d 1011 (9th Cir. 2005) ............................................................................................. 4

*Ellis v. Bhd. of Ry. Clerks*,
    466 U.S. 435 (1984) ............................................................................................................. 9

*Franklin v. Fox*,
    No. C 97-2443 CRB, 2001 WL 114438 (N.D. Cal. Jan. 22, 2001) .................................. 7, 8

*Friedrichs v. CTA*,
    136 S.Ct. 1083 (2016) ........................................................................................................ 10

*Friedrichs v. CTA*,
    No. 13–57095, 2014 WL 10076847 (9th Cir. Nov. 18, 2014) ......................................... 9, 11

*Garcia v. County of Merced*,
    639 F.3d 1206 (9th Cir. 2011) ............................................................................................. 4

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) ............................................................................................................. 6

*Harris v. Quinn*,
    134 S.Ct. 2618 (2014) .................................................................................................. 10, 11

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - ii

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

*Hoffman v. Inslee*,
  No. C14-200-MJP, 2016 WL 6126016 (W.D. Wash. Oct. 20, 2016) .................................. 8, 10

*Janus v. AFSCME Council 31*,
  138 S. Ct. 2448 (2018) ................................................................................................. *passim*

*Jarvis v. Cuomo*,
  660 F. App'x 72 (2d Cir. 2016) ........................................................................................ 8, 10

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
  20 F.3d 1250 (3d Cir. 1994) .................................................................................................. 7

*Lehnert v. Ferris Faculty Ass'n*,
  500 U.S. 507 (1991) ............................................................................................................. 9

*Lemon v. Kurtzman*,
  411 U.S. 192 (1973) ............................................................................................... 10, 11, 12

*Lewis v. McCracken*,
  782 F.Supp.2d 702 (S.D. Ind. 2011) ..................................................................................... 8

*Locke v. Karass*,
  555 U.S. 207 (2009) ............................................................................................................. 9

*Lugar v. Edmondson Oil Co.*,
  457 U.S. 922 (1982) ......................................................................................................... 6, 7

*McCullough v. Wyandanch Union Free Sch. District*,
  187 F.3d 272 (2d Cir. 1999) .................................................................................................. 8

*Miranda v. Arizona*,
  384 U.S. 436 (1964) ........................................................................................................... 12

*Nemo v. Portland*,
  910 F.Supp. 491 (D. Or. 1995) ............................................................................................. 8

*Payne v. Tennessee*,
  501 U.S. 808 (1991) ........................................................................................................... 12

*Pinsky v. Duncan*,
  79 F.3d 306 (2d Cir. 1996) ................................................................................................ 7, 9

*Smith v. Univ. of Wash. Law Sch.*,
  233 F.3d 1188 (9th Cir. 2000) .............................................................................................. 5

*United States v. Dickerson*,
  530 U.S. 428 (2000) ........................................................................................................... 12

*Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*,
  76 F.3d 692 (6th Cir. 1996) ............................................................................................... 7, 8

*Winner v. Rauner*,
  No. 15 CV 7213, 2016 WL 7374258 (N.D. Ill. Dec. 20, 2016) .................................. 8, 10, 11

*Wyatt v. Cole*,
  504 U.S. 158 (1992) ..................................................................................................... *passim*

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - iii

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

*Wyatt v. Cole*,
    994 F.2d 1113 (5th Cir. 1993) ........................................................................................ 7, 9

**Statutory Authorities**

42 U.S.C. §1983 ................................................................................................................ *passim*

RCW 41.80.050 ............................................................................................................................ 8

RCW 41.80.100 ................................................................................................................... 2, 6, 8

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - iv

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

## INTRODUCTION AND RELIEF REQUESTED

This lawsuit was filed prior to *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (June 27, 2018). In *Janus*, the Supreme Court overruled its 40-year-old precedent *Abood v. Detroit Board of Education,* 431 U.S. 209 (1977), and held that public employers may not require public employees to pay agency fees—i.e., fees covering the employee's share of the costs of collective bargaining—to their union representative. Upon issuance of *Janus*, the State of Washington stopped deducting agency fees from its public employees, and defendant Washington Federation of State Employees, AFSCME Council 28 ("WFSE") stopped requesting or accepting agency fees.

Plaintiffs in this case are public employees in Washington who paid agency fees to WFSE prior to *Janus*. Their complaint seeks two forms of relief. First, they ask that compulsory agency fees be declared unconstitutional and enjoined. Second, they ask that WFSE be required to repay all of the agency fees WFSE received prior to the issuance of *Janus*.

Through this motion, WFSE moves the Court to dismiss plaintiffs' claims for prospective relief as moot pursuant to Federal Rules of Civil Procedure 12(c), 12(h)(3), or 56. Plaintiffs' claim for declaratory relief is moot because *Janus* has already declared that compulsory public employee agency fees are unconstitutional, and Plaintiffs' claim for injunctive relief is moot because there is nothing left for this Court to enjoin. WFSE notified public employers that they must stop collecting agency fees on the day of the *Janus* decision, the employers stopped deducting agency fees, and WFSE has since revised its collective bargaining agreements to eliminate the provisions regarding agency fees. Plaintiffs have not paid agency fees since *Janus*, and there is no reasonable possibility they ever will have to pay agency fees in the future. The Court previously granted the State defendants' motion to dismiss plaintiffs' declaratory and injunctive relief claims as moot, and the same result necessarily follows here.

WFSE also moves the Court to dismiss plaintiffs' claims for retrospective monetary relief pursuant to Federal Rules 12(c) or 56. A private party that relies in good faith on state law that is subsequently held unconstitutional is not liable under 42 U.S.C. §1983. At the time that WFSE

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 1

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

received the payments plaintiffs now ask be repaid, agency fee requirements were both authorized by Washington law and entirely constitutional under then-controlling U.S. Supreme Court precedent. WFSE cannot be held retrospectively liable under 42 U.S.C. §1983 for following the law of the land, which was binding on this and every other lower court, as well as every public and private party, during the time period in question.

## BACKGROUND

WFSE serves as the collective bargaining representative for more than 35,000 employees of the State of Washington and its community colleges. Complaint, Dkt. #1, ¶9. Plaintiffs are three workers employed in bargaining units represented by WFSE. *Id.* ¶¶6-8. Plaintiffs are not union members. *Id.*

Under Washington law, WFSE has a duty to represent all bargaining unit workers in negotiating and administering its contracts, including workers who are not union members. *Allen v. Seattle Police Officers' Guild*, 100 Wash.2d 361, 670 P.2d 246, 252 (1983). Prior to June 27, 2018, the collective bargaining agreements governing plaintiffs' bargaining units required non-members to pay agency fees to WFSE to cover their portion of the costs of collective bargaining representation. Complaint, Dkt. #1, ¶17.[1] The State deducted agency fees from non-members' wages and remitted them to WFSE. *Id.* ¶18. At the time, agency fee provisions were authorized by Washington law, *see* RCW 41.80.100, and by the Supreme Court's decision in *Abood* and its progeny. Complaint, Dkt. #1, ¶23 (admitting that *Abood* "upheld the constitutionality of public-employee union shops and the forced imposition of 'agency fees' on non-union members"); *id.* (admitting that when the Complaint was filed, "the Supreme Court ha[d] yet to explicitly overrule [*Abood*]"). *Abood* held that public employees may be required to pay their proportionate share of the costs of union collective bargaining representation, but cannot be required to pay for union political or ideological activities. 431 U.S. at 235-36.

---

[1] Agency fees are sometimes referred to as fair share fees, service fees, or representation fees. Consistent with plaintiffs' Complaint, WFSE uses the term agency fees in this motion.

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 2

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

On June 27, 2018, the Supreme Court issued its decision in *Janus*, which overruled *Abood* and held that requiring non-members to pay any fees to a union as a condition of public employment "violates the First Amendment and cannot continue." 138 S.Ct. at 2486. The Court noted, however, that the district court had correctly dismissed the *Janus* plaintiffs' claims as "foreclosed by *Abood*." *Id.* at 2462.

The day that *Janus* was announced, WFSE sent a letter to every public employer of a bargaining unit represented by WFSE notifying the employers to immediately stop deducting fees from non-members. Declaration of Liz Larsen (Dkt. #33) ¶6 & Exhs. 1-22. On the same day, the State of Washington informed WFSE and other state employee unions that it would cease all agency fee deductions. Declaration of Diane Lutz (Dkt. #27) ¶2 & Exh. A. The State also instructed agency human resources directors and agency payroll contacts that the State was discontinuing fees deductions. Declaration of Franklin Plaistowe (Dkt. #28) ¶3 & Exh. A.[2] The public employers of bargaining units represented by WFSE complied with the instructions from the State and from WFSE, and stopped deducting agency fees from non-members. Larsen Decl. (Dkt. #33) ¶¶7, 10. No agency fees were deducted from plaintiffs' wages on or after June 27, 2018. Larsen Decl. (Dkt #33) ¶¶11-12; Supplemental Declaration of Liz Larsen, filed herewith, ¶7; Plaistowe Decl. (Dkt. #28) ¶5.

WFSE subsequently renegotiated its agreements with the State of Washington to eliminate any provisions requiring payment of agency fees. Larsen Decl. (Dkt. #33) ¶8 & Exh. 23; Supp. Larsen Decl. ¶¶4-5 & Exh. 1.

### LEGAL STANDARD

Judgment on the pleadings under Rule 12(c) is appropriate "when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."

---

[2] Washington's Attorney General likewise issued an advisory explaining that *Janus* prohibits the collection of agency fees from non-members. *See* Washington State Attorney General, "Attorney General Ferguson Issues Advisory Affirming Labor Rights and Obligations in Public Workplaces," https://www.atg.wa.gov/news/news-releases/attorney-general-ferguson-issues-advisory-affirming-labor-rights-and-obligations.

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 3

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

*Dunlap v. Credit Protection Ass'n L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (citation omitted). Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011).

Because mootness deprives a federal court of subject matter jurisdiction, it may be raised at any time under Rule 12(h)(3). *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) (because the issue of subject matter jurisdiction "may be raised by the parties at any time pursuant to Fed. R. Civ. P. 12(h)(3)," government's motion to dismiss for lack of subject matter jurisdiction filed after government's answer was "properly before the court"); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992) ("The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."). In considering a motion to dismiss for lack of subject matter jurisdiction, including a motion arising under Rule 12(h)(3), the Court is not limited to the facts alleged in the pleadings, and may consider declarations and other evidence in the record. *Augustine*, 704 F.2d at 1077 ("In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.") (citation omitted).

## ARGUMENT

**I.   Plaintiffs' Claims for Declaratory and Injunctive Relief Are Moot Because Agency Fee Collections Ended After *Janus* and There Is No Likelihood They Will Recommence.**

Plaintiffs must establish Article III jurisdiction for each form of relief they seek. *Davis v. FEC*, 554 U.S. 724, 734 (2008). As this Court has already held in the context of identical claims against the State defendants, plaintiffs' claims against WFSE for declaratory and injunctive relief are moot because neither the State defendants nor WFSE are still compelling Plaintiffs to pay

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 4

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

agency fees, and "the challenged agency fees cannot reasonably be expected to recur." Dkt. #39, at 6.

Immediately following issuance of the *Janus* decision, both WFSE and the State of Washington took the steps necessary to ensure that plaintiffs (and all other non-members) would cease paying any fair share fees to WFSE. Larsen Decl. (Dkt. #33) ¶¶6-8. Thus, as Plaintiffs admit, they are no longer paying agency fees to WFSE. Dkt. #39, at 2 (noting plaintiffs' agreement that "since *Janus* was issued on June 27, 2018, the State has refrained from" collecting agency fees); *see also* Larsen Decl. (Dkt. #33) ¶¶11-12; Plaistowe Decl. (Dkt. #28) ¶5. Accordingly, there is no need for injunctive relief prohibiting WFSE's collection of agency fees from plaintiffs or other workers represented by WFSE. Declaratory relief is also unwarranted because the *Janus* decision itself declared unconstitutional the future compelled payment of agency fees by public employees, including plaintiffs.

There is no reasonable possibility that plaintiffs will be compelled to pay fair share fees in the future because the Supreme Court has held that continued collection of fair share fees is unconstitutional and there is no evidence that either the State or WFSE has "equivocated" with respect to their decision "to discontinue collecting agency fees" in light of *Janus*. Dkt. #39, at 4; s*ee, e.g.*, *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1194-95 (9th Cir. 2000) (where defendant ceases challenged practice in response to intervening change in the law, courts cannot presume now-illegal practice will recur). Here, that presumption is strengthened by the fact that both the State and WFSE "readily admit *Janus*'s applicability," Dkt. #39, at 6; *see* Supp. Larsen Decl. ¶6; and by the fact that WFSE has amended its collective bargaining agreements to eliminate all provisions regarding agency fees. Larsen Decl. (Dkt. #33) ¶8 & Exh.23; Supp. Larsen Decl. ¶¶4-5 & Exh. 1. Dismissing the claims against WFSE as moot is particularly appropriate given that the State defendants have been dismissed and WFSE lacks any power to compel plaintiffs (or any other nonmembers) to pay agency fees without the State defendants' cooperation.

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 5

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

Accordingly, as this Court has already held, "the challenged agency fees cannot reasonably be expected to recur," and plaintiffs' claims for declaratory and injunctive relief therefore "are moot." Dkt. #39, at 6.

## II. Plaintiffs' Claims for Monetary Relief Must Be Dismissed Because Pre-*Janus* Agency Fees Were Collected in Good Faith Reliance on State Law and Controlling Supreme Court Precedent.

In addition to seeking declaratory and injunctive relief, plaintiffs ask this Court to order WFSE to repay all of the agency fees it received prior to *Janus*. In receiving those fees, however, WFSE relied in good faith on Washington state law authorizing such fees, and on the Supreme Court's then-controlling precedent holding that such fees are consistent with the First Amendment. *See* RCW 41.80.100; *Abood*, 431 U.S. 209 (affirming constitutionality of public employee agency fees); *see also* Complaint (Dkt. #1) ¶23 (admitting that *Abood* "upheld the constitutionality" of agency fees). As the Ninth Circuit and numerous other courts have recognized—including in the specific context of compulsory agency fees—a private party that relies in good faith upon a presumptively valid state law that is only later declared unconstitutional is not liable under 42 U.S.C. §1983 for retrospective monetary relief.

### A. Private Parties that Rely in Good Faith Upon Presumptively Constitutional State Laws Are Not Liable for Monetary Relief under §1983.

Section 1983 provides a cause of action for the deprivation of an individual's "rights, privileges, or immunities secured by the Constitution and laws" under color of state law. 42 U.S.C. §1983. Where defendants in a §1983 action are public officials exercising discretionary duties, they are entitled to "qualified immunity" from monetary liability unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Private parties may also be sued under §1983 if they are acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). In *Wyatt v. Cole*, 504 U.S. 158 (1992), the Supreme Court held that private parties cannot invoke the same doctrine of "qualified immunity" available to public officials facing §1983 liability. Nonetheless, every member of the

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 6

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

*Wyatt* Court concluded that *some* defense to monetary liability, whether qualified immunity or a good faith defense, should be available to private defendants sued under §1983. The three dissenting Justices took the position that qualified immunity itself is available to private defendants, while the majority opinion observed that such defendants "could be entitled to an affirmative defense based on good faith." *Id.* at 169. The Court's acknowledgement of the availability of a good faith defense was elaborated in separate opinions joined by a majority of the Court. *See id.* at 169 (Kennedy, J., joined by Scalia, J., concurring); *id.* at 175 (Rehnquist, C.J., joined by Souter and Thomas, JJ., dissenting); *see also Lugar*, 457 U.S. at 942 n.23 (acknowledging unfairness of imposing damages liability on private parties who "innocently make use of seemingly valid state laws").

On the basis of these opinions, the Fifth Circuit squarely held on remand "that private defendants sued on the basis of *Lugar* may be held liable for damages under §1983 only if they failed to act in good faith in invoking the unconstitutional state procedures…." *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993), *cert. denied*, 510 U.S. 977 (1993). Since *Wyatt,* this holding has been adopted by every Court of Appeals to address this issue, including the Ninth Circuit. *See Clement v. City of Glendale*, 518 F.3d 1090, 1096-97 (9th Cir. 2008) (recognizing good faith defense); *Pinsky v. Duncan*, 79 F.3d 306, 311-12 (2d Cir. 1996); *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698-99 (6th Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1275-78 (3d Cir. 1994); *see also Franklin v. Fox*, No. C 97-2443 CRB, 2001 WL 114438, at *6 (N.D. Cal. Jan. 22, 2001) (noting "universal[]" recognition of good faith defense).

The availability of the good faith defense in §1983 actions recognizes the inequity of holding private parties liable for damages for acting under color of state law while their public-official co-defendants can escape liability by invoking qualified immunity. *See, e.g.*, *Wyatt*, 504 U.S. at 168 ("[P]rinciples of equality and fairness may suggest … that private citizens … should have some protection from liability, as do their government counterparts[.]"); *Lugar*, 457 U.S. at 942 n.23 (unfairness to private parties of being held liable for "mak[ing] use of seemingly valid

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 7

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

state laws" "should be dealt with … by establishing an affirmative defense" and "[a] similar concern is at least partially responsible for the availability of a good faith defense, or qualified immunity, to state officials"). As Judge Charles Breyer has explained, it would be "manifestly unfair to hold that the state actor—whose participation is required for there to be a section 1983 violation at all—is entitled to qualified immunity, but hold the private actor … liable for the plaintiff's damages." *Franklin*, 2001 WL 114438, at *5. As these courts also recognize, the good faith defense is fully consistent with the purpose of §1983 "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights," *Wyatt*, 504 U.S. at 161, because if a state actor's conduct is consistent with then-binding precedent, the threat of §1983 liability "will not deter [that] conduct." *Franklin*, 2001 WL 114438, at *6.[3]

### B. Plaintiffs' Claim for Monetary Relief Must Be Dismissed Because WFSE Acted in Reliance on a Presumptively Valid State Law and Then-Binding Supreme Court Precedent.

Plaintiffs' claims against WFSE for pre-*Janus* monetary relief under §1983 are barred because WFSE acted in reliance on state law and controlling Supreme Court precedent. Plaintiffs admit that at the time WFSE received the agency fees that form the basis for plaintiffs' retrospective claim for monetary relief, those fees were authorized by Washington law, by the collective bargaining agreement between WFSE and the State, and by Supreme Court precedent. Complaint, Dkt. #1, ¶¶15-17 (citing RCW 41.80.050, 41.80.100(1)); *id.* ¶23 (admitting that *Abood* "upheld the constitutionality of public-employee union shops and the forced imposition of

---

[3] Just as the doctrine of qualified immunity is not limited to §1983 claims that can be analogized to common law torts containing scienter requirements, *see*, *e.g.*, *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272 (2d Cir. 1999) (school superintendent entitled to qualified immunity on First Amendment claim), the good faith defense applies to all §1983 claims against private parties. *See*, *e.g.*, *Clement*, 518 F.3d at 1097 (recognizing good faith defense without considering common law analogues). The defense has repeatedly been applied to First Amendment claims. *See Vector Research*, 76 F.3d at 698-99; *Jarvis v. Cuomo*, 660 F. App'x 72, 75-76 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1204 (2017); *Winner v. Rauner*, No. 15 CV 7213, 2016 WL 7374258, at *5-6 (N.D. Ill. Dec. 20, 2016); *Hoffman v. Inslee*, No. C14-200-MJP, 2016 WL 6126016, at *4 (W.D. Wash. Oct. 20, 2016); *Lewis v. McCracken*, 782 F.Supp.2d 702, 714-15 (S.D. Ind. 2011); *Nemo v. Portland*, 910 F.Supp. 491, 499 (D. Or. 1995).

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 8

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

'agency fees' on non-union members"); *id.* (admitting that when the Complaint was filed, "the Supreme Court ha[d] yet to explicitly overrule [*Abood*]"). Here, there is an especially strong basis for application of the good faith defense because WFSE's conduct was entirely consistent with binding, longstanding, and repeatedly reaffirmed Supreme Court precedent establishing the validity of agency fees. *See, e.g.*, *Friedrichs v. CTA*, No. 13–57095, 2014 WL 10076847 (9th Cir. Nov. 18, 2014), *aff'd*, 136 S.Ct. 1083 (2016) (citing *Abood* in affirming dismissal of challenge to public sector agency fees that was "governed by controlling Supreme Court and Ninth Circuit precedent"). Courts apply the good faith defense when private parties relied upon state statutes that had not been invalidated by the courts, even if there was no directly on-point precedent holding the law constitutional and, indeed, even where the governing caselaw was less than clear. *See, e.g.*, *Wyatt*, 994 F.2d at 1120-21 (good faith defense applied where defendant relied upon replevin statute that had not yet been invalidated but that had been placed in "legal jeopardy" by prior Circuit opinion invalidating similar Georgia statute). As such, the defense necessarily applies when a private party relied on state laws that were consistent with directly on-point U.S. Supreme Court precedent.

The facts alleged to support Plaintiffs' claim for damages show that WFSE simply followed the law in effect at the time. WFSE was entitled, when entering into contractual agreements with the State that provided for agency fees, to rely upon Washington State law and Supreme Court precedent that remained binding on Washington, WFSE, plaintiffs, and every lower court, and that had been repeatedly reaffirmed in the decades since its issuance. *See Ellis v. Bhd. of Ry. Clerks*, 466 U.S. 435 (1984); *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986); *Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507 (1991); *Locke v. Karass*, 555 U.S. 207 (2009). As the Supreme Court has emphasized, "state officials and those with whom they deal are entitled to rely on a presumptively valid state statute, enacted in good faith and by no means plainly unlawful." *Lemon v. Kurtzman*, 411 U.S. 192, 209 (1973); *see also Wyatt*, 504 U.S. at 174 (Kennedy, J., concurring) ("[A] private individual's reliance on a statute, prior to a judicial determination of unconstitutionality, is considered reasonable as a matter of law."); *Pinsky*, 79

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 9

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

F.3d at 313 ("[I]t is objectively reasonable to act on the basis of a statute not yet held invalid."); *cf. Davis v. United States*, 564 U.S. 229, 241 (2011) (Alito, J.) (declining to apply exclusionary rule to evidence generated in search consistent with then-binding Circuit precedent because police were entitled to rely on that precedent, even though its reasoning had been questioned, and Court would not "penalize the officer for the appellate judges' error") (alterations and citation omitted).

There is nothing unique about the agency fee context of this lawsuit that would prevent application of the good faith defense. To the contrary, after *Harris v. Quinn*, 134 S.Ct. 2618 (2014), held that states could not require the payment of agency fees by Medicaid-funded homecare providers, every court to consider the issue—including then-Chief Judge Pechman of this Court—held that the unions that received those fees prior to *Harris* were not subject to retrospective liability under §1983. *See Jarvis v. Cuomo*, 660 F. App'x 72, 75-76 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1204 (2017) (holding that union that relied on state law in collecting agency fees from homecare workers before *Harris* was not liable for damages under §1983); *Winner v. Rauner*, No. 15 CV 7213, 2016 WL 7374258, at *5-6 (N.D. Ill. Dec. 20, 2016) (same); *Hoffman v. Inslee*, No. C14-200-MJP, 2016 WL 6126016, at *4 (W.D. Wash. Oct. 20, 2016) (same). The same outcome is required here.

Plaintiffs suggest in their Complaint that *Abood* ceased to bind the lower courts even before *Janus* was decided. Complaint, Dkt. #1, ¶23 (contending that *Abood* "need not be regarded as binding precedent"). But the Supreme Court has rejected plaintiffs' proposed approach to the Court's precedents, explaining that where a Supreme Court decision is directly on point, even if its reasoning has been criticized in later cases, the lower courts must "follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997). In the four years before *Janus* was decided the Court twice *declined* to overrule *Abood*. *See Harris*, 134 S.Ct. at 2638; *Friedrichs v. CTA*, 136 S.Ct. 1083 (2016) (affirming by equally divided court rejection of challenge to public employee agency fees). Indeed, the Ninth Circuit held that *Abood* remained good law after the Supreme Court had

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 10

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

issued the two decisions cited in plaintiff's Complaint. *Friedrichs v. CTA*, No. 13–57095, 2014 WL 10076847 (9th Cir. Nov. 18, 2014).

Nor does anything in *Janus* suggest that WFSE was not entitled to rely in good faith upon *Abood*. While *Janus* observed that "public-sector unions have been on notice for years regarding this Court's misgivings about *Abood*," 138 S.Ct. at 2484, the mere fact that members of the Court have expressed "misgivings" about a particular precedent cannot preclude private parties from relying in good faith upon that precedent and upon state laws enacted on the basis thereof. "[T]he prerogative of overruling" Supreme Court precedents belongs solely to the Court itself, *Agnostini*, 521 U.S. at 237, and until issuance of the *Janus* decision, *Abood* remained good law and binding precedent. "[E]ven the clarity of hindsight is not persuasive that the constitutional resolution of [*Janus*] could be predicted with assurance sufficient to undermine … reliance on" *Abood* and the state laws enacted thereunder. *Lemon*, 411 U.S. at 207; *see also Winner*, 2016 WL 7374258, at *5 (applying good faith defense to agency fees collected before *Harris* because the union's "reliance on relevant precedent was reasonable" and "[a]ny subjective belief it could have had that the precedent was wrongly decided and should be overturned would have amounted to telepathy").

Further, the *Janus* majority's discussion of the Court's "misgivings about *Abood*" considered solely whether the reliance interests of public-sector unions and public employers that had entered into contractual agreements premised upon the rule announced in *Abood* were sufficient to justify applying the rule of *stare decisis* even though the *Janus* majority had decided that, as an original matter, *Abood* was wrongly decided. 138 S.Ct. at 2484-86. *Janus* in no way suggested that parties who relied on *Abood* while it remained binding precedent were acting in bad faith; to the contrary, the Court acknowledged that the district court "correctly" dismissed the plaintiffs' complaint on the basis of *Abood*, and the Court said nothing about retrospective damages. *Id.* at 2462, 2486 (holding that agency fees "cannot be allowed to continue indefinitely" and that "States and public-sector unions may *no longer* extract agency fees from nonconsenting employees") (emphasis added).

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 11

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

A rule that would expose private parties to potentially catastrophic liability for relying on a state law that is indisputably valid under then-binding Supreme Court precedent solely because some Justices have expressed doubt about the precedent's reasoning would be both unworkable and corrosive to the rule of law. "[S]tatutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct." *Lemon*, 411 U.S. at 199. If the good faith defense depends upon the presence or absence of dicta criticizing a particular prior precedent, however, private parties will no longer be able to rely upon the Court's decisions when ordering their affairs, and will instead be required to predict the way that the Justices (including sometimes, as in *Janus*, a new Justice) will vote in a future case, undermining the entire *stare decisis*-based system of precedent that forms the basis for our legal system. *But see, e.g.*, *Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (explaining that this system "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process"). Such a rule would call into question the Supreme Court's institutional integrity by suggesting that the Justices have prejudged the cases they accept.[4]

In sum, the agency fees WFSE received prior to issuance of the *Janus* decision were collected pursuant to a Washington law that was valid under then-controlling and directly on-point United States Supreme Court precedent. WFSE is not liable under §1983 for having followed the law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims for prospective relief should be dismissed for lack of subject matter jurisdiction, and judgment should be entered for WFSE on Plaintiffs' claims for monetary relief.

---

[4] Indeed, Supreme Court Justices do not always vote as outsiders predict. For example, in *United States v. Dickerson*, 530 U.S. 428, 438 (2000), the Court reaffirmed *Miranda v. Arizona*, 384 U.S. 436 (1964), despite prior expressions of doubt about the decision.

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 12

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

1  DATED this 20th day of September, 2018.    Respectfully submitted,

2                                              By:    /s/Scott Kronland
3                                                     Scott Kronland (pro hac vice)
                                                      P. Casey Pitts (pro hac vice)
4                                                     Kristin M. García (pro hac vice)
                                                      Altshuler Berzon LLP
5                                                     177 Post Street, Suite 300
                                                      San Francisco, CA  94108
6                                                     Phone: (415) 421-7151
                                                      Fax: (415) 362-8064
7                                                     E-mail: skronland@altber.com
                                                      E-mail: cpitts@altber.com
8                                                     E-mail: kgarcia@altber.com

9
                                                      Edward Earl Younglove III, WSBA #5873
10                                                    YOUNGLOVE & COKER, P.L.L.C.
                                                      Attorneys At Law
11                                                    Westhills II Office Park
                                                      1800 Cooper Point Rd Sw, Bldg 16
12                                                    PO Box 7846
                                                      Olympia, Washington 98507-7846
13                                                    (360) 357-7791
                                                      edy@ylclaw.com
14

15
                                                      *Attorneys for Defendant American Federation of*
16                                                    *State, County and Municipal Employees Council 28,*
                                                      *AFL-CIO*
17

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 13

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2018, I electronically filed this DEFENDANT AFSCME COUNCIL 28'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT, SUPPLEMENTAL DECLARATION OF LIZ LARSEN IN SUPPORT OF AFSCME COUNCIL 28'S MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT, and PROPOSED ORDER GRANTING DEFENDANT AFSCME COUNCIL 28'S MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the below-listed:

Jonathan F. Mitchell
106 East Sixth Street Suite 900
Austin, TX 78701
512-686-3940
512-686-3941 (fax)
jonathan@mitchell.law

Caleb Jon Vandenbos
Hannah S. Sells
Freedom Foundation
P.O. Box 552
Olympia, Washington 98507
(360) 956-3482
CVandenbos@freedomfoundation.com
hsells@freedomfoundation.org

*Attorneys for Plaintiffs*

DATED this 20th day of September, 2018, at San Francisco, California.

By:   /s/Scott Kronland
      skronland@altber.com

AFSCME COUNCIL 28'S MOTION FOR JUDGMENT
ON THE PLEADINGS OR SUMMARY JUDGMENT (18-cv-05206) - 14

YOUNGLOVE & COKER, P.L.L.C.
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
(360) 357-7791